Jillian M. Searles
Partner
Direct Dial: 646.218.7591
jsearles@hodgsonruss.com



February 1, 2023

**VIA CM/ECF**

Hon. Denise L. Cote
Daniel Patrick Moynihan
United States Courthouse
Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007-1312

          Re:   *Golock Capital, LLC and DBW Investments, LLC v. VNUE, Inc.*
                 **Civil Action No.: 21-cv-08103 (DLC)**

Dear Judge Cote:

       We represent counterclaim defendants Crossover Capital Fund II, LLC and Kenneth Lustig in the above-entitled matter. Together with the other counterclaim defendants, Christopher Gorog and David Whitlock (collectively, "Counterclaim Defendants"), we write in response to the letter filed today by counsel for defendant VNUE, Inc. ("VNUE") respecting VNUE's counterclaims (the "Counterclaims") (ECF No. 47) and discovery.

       Regarding the Counterclaims, although they were filed on September 1, 2022 (ECF No. 47), Counterclaim Defendants were not brought into the case until December 2022 and January 2023. That was accomplished by stipulations filed and "so ordered" on December 1, 2022 and January 18, 2023 (ECF Nos. 84 and 91). Pursuant to those stipulations, the time for Counterclaim Defendants to move, answer, or otherwise respond to the Counterclaims was extended until twenty days after the Court issues a decision on the motion to dismiss the Counterclaims filed by plaintiffs/counterclaim defendants, GOLOCK Capital, LLC and DBW Investments, LLC's (the "Motion") (ECF No. 54). The Motion identifies significant infirmities that well may render superfluous discovery as to the Counterclaims. Briefing of the Motion was completed on November 4, 2022. The Motion remains *sub judice*.

       No discovery has been conducted respecting the Counterclaims. Counterclaim Defendants are not parties to the current case management plan, which is set forth in the Order dated November 22, 2022 (ECF No. 79) and which was made prior to the stipulations pursuant to which Counterclaim Defendants were brought into the case. That plan requires all fact discovery to be completed by February 3, 2023. VNUE's current request to extend that schedule and

Case 1:21-cv-08103-DLC    Document 95    Filed 02/01/23    Page 2 of 2

Hon. Denise L. Cote
February 1, 2023
Page 2



broaden it to include the Counterclaims and Counterclaim Defendants is not, under the circumstances, reasonable. The issues presented by plaintiffs' Motion are compelling, a conclusion embodied in the stipulations which do not require responsive pleadings by Counterclaim Defendants until after the Motion is decided. Additionally, a case management conference has not been held respecting the Counterclaims and, until now, VNUE has not sought any discovery from Counterclaim Defendants. To begin discovery now, especially after the delay in bringing Counterclaim Defendants into the case, does not make sense. The better course is to continue to hold off on discovery respecting the Counterclaims until after the Motion is decided.

To the extent that Counterclaim Defendants may be required to proceed with discovery in connection with the current discovery schedule, it can only be in a manner that is not prejudicial. Recently, VNUE contacted us to schedule depositions of Counterclaim Defendants. However, Counterclaim Defendants have not been afforded the opportunity to participate in any document discovery, while the parties to the main action have completed document discovery and are required to complete depositions by the end of this week. Counterclaim Defendants will be prejudiced if, at this late stage, they are required to participate in depositions being conducted by the parties to the main action to the extent that those depositions also relate to the Counterclaims. It is for that reason that, at a minimum, Counterclaim Defendants be afforded the opportunity to conduct document discovery first so they can participate meaningfully in those depositions.

Accordingly, Counterclaim Defendants respectfully request that discovery respecting the Counterclaims continue to be deferred pending the determination of the pending Motion. In the alternative, Counterclaim Defendants respectfully request that no discovery on the Counterclaims occur – including depositions – until Counterclaim Defendants are able to complete initial disclosures and document discovery.

We are available at the Court's convenience to discuss any of these issues.

*All discovery regarding the counterclaims is stayed.*

*Denise Cote*
*2/2/23*

Respectfully submitted,

*Jillian M. Searles*
Jillian M. Searles

cc:   Mark A. Harmon, Esq.
      Gustave P. Passanante, Esq.
      Eric Benzenberg, Esq.
      Daniel S. Steinberg, Esq.
      Melissa A. Cohen, Esq.

   (all via CM/ECF)

099732.00000 Litigation 16428809v2