```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
                                     :    21cv8103 (DLC)
GOLOCK CAPITAL, LLC and DBW           :
INVESTMENTS, LLC,                    :
                                     :
            Plaintiffs,              :
                                     :
              -v-                    :
                                     :
VNUE, INC.,                          :
                                     :
            Defendant.               :    OPINION AND ORDER
                                     :
-------------------------------------X
VNUE, INC.,                          :
                                     :
            Counterclaim             :
            Plaintiff,               :
                                     :
              -v-                    :
                                     :
GOLOCK CAPITAL, LLC, DBW             :
INVESTMENTS, LLC, CROSSOVER CAPITAL  :
FUND II, LLC, DAVID WHITLOCK,        :
KENNETH LUSTIG, and CHIRSTOPHER      :
GOROG,                               :
                                     :
            Counterclaim             :
            Defendants.              :
                                     :
-------------------------------------X
```

APPEARANCES:

For the defendant/counterclaim plaintiff:
The Basile Law Firm P.C.
Gustave Paul Passanante
Eric J. Benzenberg
390 North Broadway, Suite 140
Jericho, NY 11753

For plaintiffs/counterclaim defendants Golock Capital, LLC and DBW Investments, LLC:

Daniel S. Steinberg P.C.
Daniel Seth Steinberg
355 Lexington Ave., Ste. 401
New York, NY 10017

DENISE COTE, District Judge:

Golock Capital, LLC ("Golock") and DBW Investments, LLC ("DBW"; collectively, the "Plaintiffs") purchased a total of seven convertible promissory notes ("Notes") from VNUE, Inc. ("VNUE"). Golock and DBW have sued VNUE for breach of its obligations under the Notes. In response, VNUE has brought seven counterclaims against the Plaintiffs and others. For the following reasons, the Plaintiffs' motion to dismiss each of the counterclaims is granted.

## Background

VNUE is a music technology company that records live concerts and sells that content. The Plaintiffs lent VNUE funds through the purchase of the convertible Notes. Golock purchased five Notes from VNUE between September 1, 2017, and November 15, 2019 ("Glock Notes").[1] DBW purchased two Notes from VNUE on December 20, 2017 and January 18, 2018 ("DBW Notes").[2] The first six Notes were amended when VNUE could not repay the principal

---

[1] Four of the Golock Notes were amended on November 5, 2018, and April 29, 2019.

[2] The DBW Notes were amended on November 7, 2018, and April 29, 2019.

and interest.  In connection with two of the amendments, VNUE agreed to issue warrants to the Plaintiffs, entitling them to acquire shares of VNUE's common stock.

Each Note contained a conversion feature allowing the lenders to convert all or portions of the principal and interest into shares of VNUE.  Six of the Notes had fixed-price conversion rates.  The seventh Note, issued on November 15, 2019, contained a floating-price conversion option.  Golock exercised its right to convert under one of the Notes, and received VNUE's stock in exchange for over $24,000 in principal and interest.  At some point, however, VNUE refused to issue shares when Golock sought to exercise its right to conversion.

With the exception of two interest payments, VNUE also failed to make additional interest payments required by the Notes.  Finally, VNUE refused to issue the Plaintiffs Common Stock Purchase Warrants, which the Plaintiffs requested pursuant to amendments to the Notes.

The Plaintiffs filed this action on September 30, 2021. Shortly thereafter, New York's law on the calculation of interest changed.[3]  As of the date of filing, New York state courts and federal district courts in the Second Circuit had "generally rejected the view that a conversion option with a

---

[3] The Notes provide that New York law governs the loans.

3

discounted rate should be treated as interest." Adar Bays, LLC v. GeneSYS ID, Inc., 962 F.3d 86, 90 (2d Cir. 2020). The Second Circuit Court of Appeals, however, certified that question to the New York Court of Appeals, and on October 14, 2021, the New York Court of Appeals held that "the value of the floating-price convertible options should be included in the determination of interest" in usury calculations. Adar Bays, LLC v. GeneSYS ID, Inc., 37 N.Y.3d 320, 334 (2021). The parties dispute whether the Adar Bays decision may have an impact on the seventh Note or on all seven Notes.

Following the New York Court of Appeals decision in Adar Bays, the Plaintiffs amended the complaint on December 2. This case was reassigned to this Court on August 17, 2022. On September 1, VNUE filed counterclaims against the Plaintiffs and others (collectively, "Counterclaim Defendants"). The counterclaims assert three claims under the securities laws, two Racketeer Influenced and Corrupt Organizations Act ("RICO") claims, and two state law claims of unjust enrichment and constructive trust.[4] On September 23, the Plaintiffs moved to dismiss VNUE's counterclaims. The motion became fully submitted on November 4.

---

[4] In opposing this motion, VNUE withdrew its three securities claims brought under 15 U.S.C. §§ 78o, 78t.

**Discussion**

The standard for a motion to dismiss counterclaims is well established. To survive a motion to dismiss for failure to state a claim, the counterclaim "must plead enough facts to state a claim to relief that is plausible on its face." Green v. Dep't of Educ. of the City of New York, 16 F.4th 1070, 1076-77 (2d Cir. 2021) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Oneida Indian Nation v. Phillips, 981 F.3d 157, 165 (2d Cir. 2020).

In two of its counterclaims, VNUE alleges that the Counterclaim Defendants conducted the affairs of a RICO enterprise and conspired to violate RICO by attempting to collect debt unenforceable under New York usury laws. See 18 U.S.C. § 1962(c)-(d).

> [S]ection 1962(c) makes it unlawful for any person associated with any enterprise to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity. Section 1962(d) makes it unlawful to conspire to do (among other acts) what section 1962(c) prohibits.

NPR Holdings LLC v. City of Buffalo, 916 F.3d 177, 190 n.8 (2d Cir. 2019) (citation omitted).

The RICO claims must be dismissed for several reasons. They are conclusory and fail to plead sufficient facts to state a plausible claim. In addition, to the extent the RICO claims seek to take advantage of the Adar Bays decision, that decision

was issued after the seven Notes were executed.  The counterclaims do not allege that the Plaintiffs continued to engage in convertible note lending after Adar Bays.  The RICO claims therefore fail to plead that the alleged enterprise was conducted in violation of the law as it existed at the time the Notes were executed.[5]  Finally, the claims fail to plead that the alleged enterprise had the structural features required for an enterprise, to wit, "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." United States v. Gershman, 31 F.4th 80, 96 (2d Cir. 2022) (citation omitted).

VNUE's remaining two claims must also be dismissed.  VNUE asserts state law claims of unjust enrichment and constructive trust.

The unjust enrichment counterclaim alleges, in conclusory terms, that the Plaintiffs received valuable benefits from VNUE, including stock and profits realized the sale of that stock.  It asserts that these benefits were the result of wrongful conduct,

---

[5] It remains to be determined whether any of the Notes run afoul of Adar Bays, in any event.  The New York Court of Appeals "did not attempt to place a value on the floating-price option included in the Note in [Adar Bays], nor did it endorse any particular valuation methodology." Adar Bays, LLC v. GeneSYS ID, Inc., 28 F.4th 379, 382 (2d Cir. 2022).

6

specifically the violations of the securities laws in the counterclaims that VNUE has since withdrawn.

"To recover under a theory of unjust enrichment, a litigant must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." Columbia Memorial Hosp. v. Hinds, 38 N.Y.3d 253, 275 (2022) (citation omitted). Relatedly, to obtain a constructive trust under New York law, a plaintiff must demonstrate four elements: "(1) a confidential or fiduciary relationship between the parties, (2) a promise, (3) a transfer of an asset in reliance upon a promise, and (4) unjust enrichment flowing from the breach of the promise." Olden Group, LLC v. 2890 Review Equity, LLC, 177 N.Y.S.3d 60, 66 (2d Dep't 2022).

The counterclaims fail to plead that the Plaintiffs have been enriched unjustly since VNUE has withdrawn its assertion that the Plaintiffs have violated the securities laws. To the extent that it is relying on a contention that the Notes were issued in violation of New York's usury laws, should it prevail, the Notes may be unenforceable. If they are unenforceable, then VNUE may be able to retain the Plaintiffs' loans without having to repay them. The failure to plead that the Plaintiffs were enriched is fatal to both the claims of unjust enrichment and

constructive trust.  While VNUE pleads that the Plaintiffs "received valuable benefits," this assertion is conclusory and insufficient to plead a plausible claim.

In opposition to this motion to dismiss, VNUE explains that its unjust enrichment claim should be read as relating to the stock which Golock received in exchange for about $24,000 in debt, which VNUE asserts was worth $65,000.  Again, $65,000 is far less than the loan amount of over $341,000.  Accordingly, the unjust enrichment claim fails.

The constructive trust claim also fails because the counterclaim did not plead -- and VNUE concedes in its opposition -- that the Plaintiffs and VNUE had a fiduciary or confidential relationship.  In its opposition, VNUE points to cases in which courts have imposed constructive trusts despite a lack of fiduciary relationship when the constructive trust is "otherwise required by equity."  In re Koreag, Controle et Revision S.A., 961 F.2d 341, 353 (2d Cir. 1992).  The counterclaim, however, does not plausibly allege facts to state a claim that a constructive trust is required by equity.

## Conclusion

The Plaintiffs' September 22 motion to dismiss the counterclaims is granted.  The claims against the remaining Counterclaim Defendants will also be dismissed.  There is no basis to find that the claims against the remaining Counterclaim

8

Defendants are distinguishable and would survive, and VNUE has not presented any arguments in its opposition to assert that the counterclaims are adequately pled against the remaining Counterclaim Defendants.

Dated:  New York, New York
        February 14, 2023

                                    _____
                                           DENISE COTE
                                    United States District Judge