UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :       21cv8103 (DLC)
GOLOCK CAPITAL, LLC and DBW INVESTMENTS, :
LLC,                                    :
                                        :       OPINION AND ORDER
                          Plaintiffs,   :
                                        :
                   -v-                  :
                                        :
VNUE, INC.,                             :
                                        :
                          Defendant.    :
                                        :
----------------------------------------X

APPEARANCES:

For the plaintiffs:
Daniel S. Steinberg P.C.
Daniel Seth Steinberg
355 Lexington Ave., Ste. 401
New York, NY 10017

For the defendant:
The Basile Law Firm P.C.
Eric J. Benzenberg
Gustave Paul Passanante
390 North Broadway, Suite 140
Jericho, NY 11753

DENISE COTE, District Judge:

Golock Capital, LLC ("Golock") and DBW Investments, LLC ("DBW") issued a total of seven loans in the form of convertible promissory notes to VNUE, Inc. ("VNUE"). Golock and DBW have sued VNUE for breach of its obligations under the notes. VNUE has moved for partial summary judgment on two of the notes, asserting that they charge a criminally usurious rate of

interest on their face and are therefore void.  For the
following reasons, the motion is denied.

## Background

The following facts are undisputed or taken in the light
most favorable to the plaintiffs, unless otherwise noted.  VNUE
is a music technology company that records live concerts and
sells that content.  VNUE obtained seven loans from the
plaintiffs.  They include the following two.  In a February 2,
2018 loan made through a convertible promissory note ("Golock
Note"), Golock advanced $40,000 to VNUE, from which $5,000 was
withheld as an original issue discount ("OID").  The Golock Note
was for a nine-month term with an interest rate of 10% per
annum.  In a January 18, 2018 loan, also made through a
convertible promissory note ("DBW Note"), DBW advanced $35,000
to VNUE, from which $5,000 was withheld as an OID.  The DBW Note
was for a nine-month term with an interest rate of 10% per
annum.

The plaintiffs have sued for breach of the notes for the
unpaid principal and interest, VNUE's refusal to convert the
notes, and VNUE's failure to deliver warrants.  On December 13,
2022, the defendant moved for partial summary judgment on the
Golock Note and the DBW Note (together, "Notes") on the ground
that they are void as usurious.  The motion became fully
submitted on February 10, 2023.

## Discussion

Summary judgment may only be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "To present a genuine issue of material fact sufficient to defeat a motion for summary judgment, the record must contain contradictory evidence such that a reasonable jury could return a verdict for the nonmoving party." Horror Inc. v. Miller, 15 F.4th 232, 241 (2d Cir. 2021) (citation omitted). In considering a motion for summary judgment, a court "construe[s] the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." Kee v. City of New York, 12 F.4th 150, 158 (2d Cir. 2021) (citation omitted).

"New York usury law is composed of General Obligations Law §§ 5-501, 5-511, 5-521; Banking Law § 14-a (1); and Penal Law § 190.40." Adar Bays, LLC v. GeneSYS ID, Inc., 37 N.Y.3d 320, 326 (2021). Corporations are not allowed to interpose a defense of usury in any action, with a single exception. N.Y. Gen. Oblig. Law § 5-521. Corporations are allowed to interpose "a defense of criminal usury as described in section 190.40 of the penal law." Id. The New York criminal usury statute provides that it is a felony when a lender

3

> without other legal authorization . . . knowingly
> charges, takes or receives any money or other property
> as interest on the loan or forbearance of any money or
> other property, at a rate exceeding 25% per annum or
> the equivalent rate for a longer or shorter period.

Adar Bays, LLC, 37 N.Y.3d at 326 (citing N.Y. Penal Law §

190.40).  The criminal usury statute excludes loans greater than

$2.5 million.  Id. at 331 (citing N.Y. Gen. Oblig. Law § 5-501-

6(b)).

When a loan is criminally usurious, the loan contract is

void ab initio.  Id. at 323-24.  "The party seeking to void the

loan agreement bears the burden of proving usury."  Id. at 335-

36.

The defendant asserts that, under New York law, the OID of

each loan must be considered when calculating the interest on

the loans for the purposes of usury, and when the OIDs are added

to the Notes' 10% interest rate using the formula in Band Realty

Co. v. North Brewster, Inc., 37 N.Y.2d 460 (1975), the interest

rate for both Notes exceeds 25%.  The defendant calculates the

Golock Note's rate as 26.7%; the DBW Note's rate as 29%.

The plaintiffs do not dispute that the Notes both include

OID nor do they take issue with the methodology behind the

defendant's calculations.  They have offered evidence, however,

that the discount on each Note was intended to compensate the

plaintiffs for the expenses they incurred as lenders in

connection with their due diligence, and for their legal and transactional expenses.

Whether a discount is additional consideration and thus properly considered in determining whether an interest charge is usurious or is a legitimate expense or commission is a question of fact.  Hammelburger v. Foursome Inn Corp., 54 N.Y.2d 580, 594 (1981).  "Usurious intent [is] an essential element of usury." Freitas v. Geddes Sav. & Loan Ass'n, 63 N.Y.2d 254, 262 (1984). "[B]ecause a usurer usually seeks to conceal the usury, and to accomplish the purpose by indirect methods, questions of usurious intent and whether a transaction is a cover for usury are typically questions of fact."  Adar Bays, LLC, 37 N.Y.3d at 339; see also Freitas, 63 N.Y.2d at 265.

In its reply, VNUE argues that the plaintiffs cannot rely on this explanation of the discount for two principal reasons. First, VNUE asserts that they cannot rely on this explanation because they failed to produce documents supporting their expenses in discovery.  Whether there was a failure in the discovery process that will bar a party from pursuing a claim or defense at trial cannot be decided on this motion for summary judgment.  The parties will be given an opportunity to address this issue in advance of trial.

Second, VNUE argues that the Stock Purchase Agreements ("SPA") governing the Notes required the plaintiffs to identify

all expenses to VNUE at the time of the closing.  It relies on the following excerpt from the SPAs:

> Expenses.  At the Closing, [VNUE] shall reimburse [Golock or DBW] for expenses incurred by them in connection with the negotiation, preparation, execution, delivery and performance of this Agreement and the other agreements to be executed in connection herewith ("Documents"), including, without limitation, reasonable attorneys' and consultants' fees and expenses, transfer agent fees, fees for stock quotation services, fees relating to any amendments or modifications of the Documents or any consents or waivers of provisions in the Documents, fees for the preparation of opinions of counsel, escrow fees, and costs of restructuring the transactions contemplated by the Documents.  When possible, [VNUE] must pay these fees directly, otherwise [VNUE] must make immediate payment for reimbursement to the [Golock or DBW] for all fees and expenses immediately upon written notice by [Golock or DBW] or the submission of an invoice by [Golock or DBW].

Whether this provision encompasses the expenses that the plaintiffs argue are reflected in the discounts to the two Notes raises questions of fact that cannot be determined on this motion.  Moreover, even if the expenses at issue are encompassed by this provision in the SPA, there remains a question as to whether the plaintiffs were required to obtain reimbursement through a payment at the closing instead of taking a discount from the Note.

## Conclusion

The defendant's December 13, 2022 motion for summary judgment on its affirmative defense of usury is denied.

Dated:     New York, New York
           March 8, 2023

_____
DENISE COTE
United States District Judge

7