```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :   21cv8103 (DLC)
GOLOCK CAPITAL, LLC and DBW              :
INVESTMENTS, LLC,                        :      MEMORANDUM
                                         :   OPINION AND ORDER
                          Plaintiffs,    :
               -v-                       :
                                         :
VNUE, INC.,                              :
                                         :
                          Defendant.     :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

On March 8, 2023, the defendant moved for reconsideration of a February 14, 2023 Opinion ("Opinion") granting the plaintiffs' September 23, 2022 motion to dismiss the counterclaims. In the alternative, the defendant requests leave to amend its RICO counterclaims.

The motion for reconsideration is untimely. Rule 6.3 of the Local Civil Rules of the Southern and Eastern Districts of New York require that a notice of motion for reconsideration be filed within fourteen days of the entry of the Court's determination of the original motion. The Opinion was issued on February 14, 2023, and the motion for reconsideration was filed on March 8, more than fourteen days after the Opinion was entered.

The defendant purports to make this motion under Rule 59(e), Fed R. Civ. P. "Rule 59(e) provides that a motion to

alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc., 970 F.3d 133, 142 (2d Cir. 2020) (citation omitted). No judgment has been entered in this action. Accordingly, a Rule 59(e) motion is not the proper vehicle for a request to reconsider the Court's decision.

The defendant also requests leave to amend its RICO counterclaims, which were two of its seven counterclaims. In general, leave to amend should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend may be denied, however, "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." Eastman Kodak Co. v. Henry Bath LLC, 936 F.3d 86, 98 (2d Cir. 2019) (citation omitted). Additionally, a plaintiff "need not be given leave to amend if it fails to specify . . . how amendment would cure the pleading deficiencies in its" pleadings. TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 505 (2d Cir. 2014).

On January 19, 2022, the defendant filed an answer to the plaintiffs' first amended complaint. On May 6, the defendant moved for leave to file an amended answer and counterclaims. That motion became fully submitted on June 17. This case was reassigned to this Court on August 17. On August 31, the defendant's motion for leave to file an amended answer and

counterclaims was granted. The defendant filed the amended answer and counterclaims on September 1.

The plaintiffs moved to dismiss the counterclaims on September 23. As to the RICO counterclaims, the plaintiffs moved to dismiss on the ground that the allegations supporting the RICO claims were conclusory. The plaintiffs argued that the RICO claims were implausible because the loans were not unlawful when they were executed and that the counterclaims failed to properly allege a RICO enterprise.

In its opposition to the motion, the defendant did not seek leave to amend the counterclaims to address the deficiencies identified in the plaintiffs' motion to dismiss. Instead, the defendant chose to rest on its pleadings and oppose the motion. The February 14 Opinion dismissed the RICO counterclaims "for several reasons." It held that they were conclusory and failed to plead sufficient facts to state a plausible claim. It pointed out as well a flaw it its application of the Adar Bays, LLC v. GeneSYS ID, Inc., 37 N.Y.3d 320 (2021), decision. Finally, it held that the claims failed to plead that the alleged enterprise had the structural features required by Second Circuit precedent.

In this motion for reconsideration, the defendant fails to provide proposed amended RICO counterclaims or otherwise explain how it would address the multiple deficiencies noted by the

3

plaintiffs in their motion and the Court in its decision. Discovery on the plaintiffs' claims has closed, and trial is scheduled for May 22, 2023. The application for leave to amend is denied on the grounds of futility, undue delay, and the undue prejudice to the plaintiffs and the schedule in this action. Accordingly, it is hereby

ORDERED that the defendant's March 8 motion for reconsideration is denied as untimely.

IT IS FUTHER ORDERED that the defendant's request for leave to amend its counterclaims is denied.

Dated:   New York, New York
         March 10, 2023

                                    _____
                                          DENISE COTE
                                    United States District Judge

4